UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LINCOLN BENEFIT LIFE, | ) | 4:13CV3210 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| JAMES W. WILSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

In a memorandum and order entered on December 16, 2015, the court granted in part and denied in part a motion for summary judgment filed by Defendant. The court ruled "[a]s a matter of law, the verdict returned by the jury in the New York litigation precludes [Plaintiff] from claiming that [Defendant] is liable for any portion of the money judgment the Lollytogs shareholders obtained against it" (Filing No. 154 at CM/ECF p. 28). Plaintiff's damage claims therefore were dismissed with prejudice. The court also ruled that "[t]he collateral estoppel doctrine precludes [Plaintiff's] defense [to Defendant's counterclaim] that [he] is in material breach of the agent's agreement because his 'conduct formed the basis for the [Lollytogs shareholders'] claims' in the New York litigation" (Filing No. 154 at CM/ECF p. 29). Stated slightly differently, "Plaintiff is precluded from asserting as a defense that Defendant breached the agent's contract in connection with the sale of the term life insurance policies" (Filing No. 154 at CM/ECF p. 30). "On the evidence presented, however, the court [was] unable to conclude as a matter of law that [Defendant] is entitled to payment of additional commissions" (Filing No. 154 at CM/ECF p. 29).

On March 8, 2016, both parties each filed two motions in limine which, to a large extent, rely on the foregoing rulings. Defendant seeks to prevent Plaintiff (1) "from offering evidence or testimony in support of a claim that Defendant violated various provisions of its [*sic*] Agent's Agreement with Plaintiff, and/or that Defendant was negligent in the placement of insurance for Lollytogs with Plaintiff, therefore

precluding Defendant from suing Plaintiff for breach of the Agent's Agreement" (Filing No. 161), and (2) "from a) seeking to assert (and offering evidence or testimony in support of a contention) that Defendant is bared [*sic*] from receiving commissions because a condition precedent has not been met and; b) offering evidence inconsistent with the prior rulings of this Court" (Filing No. 165). Plaintiff seeks to prevent Defendant from offering (1) "any evidence concerning [Plaintiff's] alleged obligations to pay monies to non-party brokerages" (Filing No. 168), and (2) evidence "with respect to [Plaintiff's] conduct vis a vis the policyholders and the jury verdict and judgment in the previous lawsuit" (Filing No. 171).

On March 16, 2016, prior to completion of briefing on the motions in limine (which occurred on March 21, 2016), the court entered an order providing that the motions would be held in abeyance and taken up immediately before trial, which is currently scheduled to commence on April 5, 2016 (Filing No. 174). Both parties have since expressed a desire for an expedited ruling on the motions (Filing Nos. 175, 190). The court therefore will rule on the motions at this time.

Defendant's first motion in limine (Filing No. 161) will be granted. Plaintiff cannot offer evidence that Defendant breached the agent's agreement or was negligent in the placement of insurance for Lollytogs with Plaintiff.

Defendant's second motion in limine (Filing No. 165) also will be granted. It appears from Plaintiff's brief that the conditions precedent it claims were not met are: "(1) the term policies were not exchanged for new policies; (2) Lincoln Benefit did not receive premiums on converted policies; and (3) Lincoln Benefit did not receive an application for the converted policies" (Filing No. 187 at CM/ECF p. 4). The court finds these conditions were excused as a matter of law.

Plaintiff's first motion in limine (Filing No. 168) is granted. Defendant claims he is entitled to recover commissions from Plaintiff based on a direct contractual relationship.

Plaintiff's second motion in limine (Filing No. 171) is denied. Not all evidence regarding the New York litigation is irrelevant.

Relatedly, Defendant has moved to strike to inadvertent filings (Filing Nos. 180, 181). The motion to strike (Filing No. 188) will be granted.

To assist the parties and Magistrate Judge Zwart, I will state the remaining issues for trial. Those will be stated in the last paragraph of the Order that follows.

Accordingly,

IT IS ORDERED:

1. The parties' requests for expedited rulings on their motions in limine (Filing Nos. 175, 190) are granted.

2. Defendant's motions in limine (Filing No. 161, 165) are granted.

3. Plaintiff's first motion in limine (Filing No. 168) is granted.

4. Plaintiff's second motion in limine (Filing No. 171) is denied.

5. Defendant's motion to strike (Filing No. 188) is granted, and Filing Nos. 180 and 181 are hereby stricken from the court file.

6. The remaining issues for trial are:

    Whether Lincoln Benefit Life is obligated to pay Wilson a commission under the agreement(s) between Wilson and Lincoln Benefit Life because the policies were converted

and Lincoln Benefit Life received the premiums pursuant to the judgment of the New York court?

If the answer to the foregoing is "yes," what is the amount of the commission due Wilson?

DATED this 24th day of March, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge