IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LINCOLN BENEFIT LIFE, | ) | 4:13CV3210 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| JAMES W. WILSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

  Defendant ("Wilson") has filed a motion in limine to preclude Plaintiff ("LBL") from "introducing evidence in support of its lack of consideration affirmative defense that a) seeks to establish that consideration is needed beyond procuring the Subject Policies to the insured in 1999; b) is in violation of this Court's prior rulings; c) was never disclosed to Defendant during discovery; and d) speculatively suggests that Defendant would not have been the broker that the policyholder would have used to convert the Subject Policies in 2009" (Filing No. 204). The motion will be denied.

  As to the first point, this is not the position Wilson assumed in the last round of briefing, when the court was asked to rule on whether LBL could assert failure of consideration as an affirmative defense. Wilson instead argued that he continued to act as Lollytogs' agent, that LBL could not deal directly with the insured, and, in any event, that LBL's actions excused any further performance on his part. The court will not prevent Wilson from "mending his hold" in this regard, but the issue will need to await decision at trial, based on a more fully developed record. The question of whether evidence of an alleged "schism" between Wilson and his clients will be admissible (fourth point above) will also be deferred until trial.

  Regarding the second point, LBL represents it has no intention of violating the court's prior rulings. Finally, on the third point, the court will not enter a blanket ruling to exclude undisclosed evidence.

Accordingly,

IT IS ORDERED that Defendant's (third) motion in limine (Filing No. 204) is denied.

DATED this 30th day of September, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge